Captain Bryce F. Abel Assistant Staff Judge Advocate Department of Air Force
QUESTION:
Does s. 40.013, F.S. 1979, remove the disqualification of `United States officials' including military officers as formerly existed under s. 40.07, F.S. 1971?
SUMMARY:
Section 40.013, F.S., removes the disqualification of `United States officials' as it formerly existed under s. 40.07, F.S. 1971, and such persons, including military officers, are no longer disqualified to serve as jurors in the State of Florida, so long as they are otherwise qualified under ss. 40.01 and 40.013(1), or (3)-(8), F.S.
Former s. 40.07(2), F.S. 1971, provided in pertinent part:
 (2) BY OFFICIAL POSITION. — Neither the governor, nor his cabinet officers, nor any sheriff or his deputy, assessor of taxes, collector of revenue, county treasurer, clerks of courts, judges, justice of the peace, county commissioners or United States officials shall be qualified to be jurors. (Emphasis supplied.)
Section 4 of ch. 79-235, Laws of Florida, transferred s. 40.07 to s. 40.013 and deleted the disqualification of `United States officials' from subsection (2). When an amendatory act or section thereof purports to set out in full all it is intended to contain, any matter which was in the original act or section thereof, but is not in the amendatory act, is repealed by omission. See, e.g., 82 C.J.S. Statutes s. 294; 1A Sutherland, Statutory Construction, 4th Ed., s. 23.12; State v. County Commissioners of Duval County,3 So. 193 (Fla. 1887).
Most recently, s. 40.013 was amended by ch. 80-170, Laws of Florida. Section 40.013, F.S. (1980 Supp.), currently provides:
40.013 Persons disqualified or excused from jury service. —
 (1) No person who is under prosecution for any crime, or who has been convicted in this state, any federal court, or any other state, territory, or county of bribery, forgery, perjury, larceny, or any other offense that is a felony in this state or which if it had been committed in this state would be a felony, unless restored to civil rights, shall be qualified to serve as a juror.
 (2) Neither the Governor, nor any Cabinet officer, nor any sheriff or his deputy, municipal police officer, clerk of court, or judge shall be qualified to be a juror.
 (3) No person interested in any issue to be tried therein shall be a juror in any cause; but no person shall be disqualified from sitting in the trial of any suit in which the state or any county or municipal corporation is a party by reason of the fact that such person is a resident or taxpayer within the state or such county or municipal corporation.
 (4) Expectant mothers and mothers who are not employed fulltime with children under 15 years of age, upon request, shall be excused from jury service.
 (5) A presiding judge may, in his discretion, excuse a practicing attorney, a practicing physician, or a person who is physically infirm from jury service.
 (6) A person may be excused from jury service upon a showing of hardship, extreme inconvenience, or public necessity.
 (7) A person who has served as a juror in any court in his county of residence within 2 years of the first day of January in the calendar year for which he is being considered may, upon request and submission of a sworn affidavit that such service has been rendered, be excused from jury service.
 (8) A person 70 years of age or older shall be excused from jury service upon request. (Emphasis supplied.)
An earlier opinion (AGO 072-155) issued to the Judge Advocate General by my predecessor in office concluded that, under former s. 40.07, `United States military officers, as well as all other United States officials appointed pursuant to ArticleII, Section 2 of the United States Constitution . . . are absolutely disqualified to serve as grand or petit jurors under the provisions of Section 40.07(2), Florida Statutes 1971.'
However, in view of the above-referenced 1979 amendment and transfer of s. 40.07 to s. 40.013, it appears that `United States officials' are no longer disqualified to serve as jurors in this state. This conclusion is based, of course, on the assumptions that the particular juror in question is otherwise qualified under s. 40.01 (which relates to age, citizenship, and registration as an elector in a particular county) and is not otherwise disqualified under s. 40.013(1) or (3)-(8) (which provide for other bases of disqualification from jury service).
Ordinarily, military officers are, pursuant to the provisions of s. 16.01(3), F.S. (as amended by ch. 79-159, Laws of Florida), not entitled to receive an opinion of the Attorney General. However, since AGO 072-155 was previously issued to the Judge Advocate General, and since pertinent law has undergone a significant change, our office felt it appropriate in this instance to respond formally to your inquiry.
Prepared by: Anne Curtis Terry, Assistant Attorney General